UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE PHENIX, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-825 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon Pierre Phenix's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Movant has also filed a motion to proceed *in forma pauperis*, ECF No. 2, and motion for appointment of counsel, ECF No. 3. For the following reasons, movant will be provided time to amend his motion to vacate. Additionally, his motion to proceed *in forma pauperis* and request for counsel will be denied.

### Motion to Vacate, Set Aside, or Correct Sentence

On August 1, 2022, movant initiated this action by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. His motion is 28-pages and accompanied by a 6-page affidavit. The motion is defective, however, because movant did not use the Court's form. *See* Local Rule 2.06(A). Because movant is self-represented, the Court will provide him with the opportunity to submit an amended motion on a Court-provided form to properly set forth his grounds for relief.

Movant will be required to file an amended motion to vacate, on a Court-form, containing all of the allegations he wishes to bring against the government. Simply put, all claims in this action must be included in one, centralized motion. Movant's claims must be stated in a succinct manner and any accompanying arguments should be accompanied by specific grounds for relief.

The Federal Rules require clarity in pleadings, including pleadings from self-represented parties. Rule 2(c) of the Rules Governing Habeas Corpus Cases requires that a petition "(1) specify all the grounds for relief available to the movant; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten[.]" Rule 2(d) requires that the petition be drafted on the standard form or to substantially follow the form.

Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in the federal courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 and 2255 Cases.

Movant is warned that the filing of the amended motion to vacate completely replaces the original and any supplemental motions or memoranda and claims that are not re-alleged are deemed abandoned. Movant's failure to file an amended motion to vacate within thirty (30) days will result in a dismissal of this action, without prejudice.

## Motion to Proceed *in forma pauperis*

Because there is no filing fee for a § 2255 motion, movant need not be granted *in forma pauperis* status in order to maintain this action. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings ("There is no filing fee required of a movant under these rules . . . [t]his is . . . done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack"). Therefore, movant's motion for leave to proceed *in forma pauperis* will be denied as moot.

## Request for Appointment of Counsel

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather,

the decision to appoint counsel is within the discretion of the district court. *See Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981). A court may appoint counsel for a self-represented litigant when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas movants with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the movant's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After reviewing these factors, the Court finds the appointment of counsel is not warranted at this time. At this point, neither the factual nor legal issues in this case appear to be especially complex. Moreover, movant has yet to submit his motion on a proper Court-form. As such, the Court will deny the motion to appoint counsel at this time. The Court will entertain a future motion for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant shall utilize the form and submit an amended motion to vacate that complies with this Opinion, Memorandum and Order within thirty (30) days of the date of this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that movant's failure to amend his motion to vacate in accordance with the instructions set forth in this Opinion, Memorandum and Order will result in a dismissal of this action without prejudice.

Dated this 10th  day of August, 2022.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE