EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE PHENIX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:22CV825 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel [Doc. No. 32]. The motion will be denied, without prejudice at this time.

There is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794-795 (8th Cir. 2006). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* at 794, citing *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). In considering a motion to appoint counsel for an indigent plaintiff, the Court should "determine whether the nature of the litigation is such that plaintiff as well as the

court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Petitioner filed this action seeking to vacate, correct, or set aside his sentence in his criminal matter. The Petition sets forth the facts upon which this claim is based, and Petitioner has set forth the grounds upon which he claims relief. This case does not appear to be so complex at this stage that Petitioner is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Petitioner to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. No. 32] denied without prejudice.

Dated this 19th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDG